Your Honor, this case on the docket, 2-17-0901, for E. M. Hage, Joanna A. Blackmore, Defendant's Appellant, is Shane A. Kossier, for Sheffield County Court. Amy Ann Woodward, Justice Delegate Kline, for Defendant J. Miles, and for the Defendant's Appellant. Our jury will now be joined by the Defendant's Appellant, Mr. Kline K. Pellett. Our jury will now be joined by the Defendant's Appellee, Mr. Amy J. Pellett. Good morning, Counsel. Mr. Heller? Thank you, Your Honor. It's the Court of Counsel. It's not often that an Appellant's lawyer gets up and says the trial court got it right. That's exactly what we're telling you in this case, except what we're telling you is the trial court that got it right was Judge Jeffries. You see, in October of... This was the motion to reconsider that actually was reversed. That's correct. Judge George reversed. Judge George is the one who reversed it. That's correct. And no particular reason why the judge should have even considered a motion to reconsider. There was nothing other than the fact that the judges had changed it. All I understand is there's an issue of discretion. The case law would seem to indicate that you shouldn't just willy-nilly overturn a ruling of another judge. Well, I think the record reflects, Counsel, that this was not done willy-nilly. There was a hearing. There were arguments made. The trial court took the time to articulate the reasons that he did that. So, with due respect, Counsel, I would say Judge George certainly did not do this in a willy-nilly fashion. And I wasn't... I apologize. I didn't mean to suggest it in regard to this particular case, but rather overall. I mean, there needs to be some reason why you, when you succeed in a case, you overstep the rulings of a prior judge. Let's focus on the issues here, Counsel. At pages 7 and 8 of your brief, you compare the two paragraphs of count 2 in the original complaint and count 6 and conclude that the only difference between the two claims are the parties' names. And then on page 9, you indicate that count 6 states all of the same facts as count 2 in the original complaint. I don't see any mention, however, of paragraph 4 of both of these counts where it was alleged that Defendant Pancook struck different vehicles with her car. So in count 2 of the original complaint, Pancook struck Hage. And in the amended count 6, Pancook struck Ludwig and Klein's car. So how can crashing into two different sets of cars possibly be the same facts? This was a multiple car pileup. The witnesses who testified did not tell the same story at all. There was a motion for summary judgment that was presented early on. And the defense was, this case is nothing but a question of fact. What isn't disputed is that Blackmore, who filed a separate suit within the time of the statute of limitations against Klein, made a claim that Klein hit her. And later it developed that his other cars may have been pushed by Pancook or others into Klein who caused him to hit this car. It's interesting to note that not only did Klein assert a counterclaim for contribution against Pancook, which is not raised as an issue for the statute of limitations, claiming all this arose such that Pancook was entitled to contribution, each one of the other defendants, Cozier and Klein, also filed claims for contribution against all of the other defendants, including Pancook. So each of the defendants is saying, it's your fault to all of the other defendants. How can it now be that a separate plaintiff who made a claim within the statute of limitations and simply the cases were consolidated for purposes of discovery, there isn't any prejudice to Pancook that she didn't participate. Mr. Melton was at Hage's deposition, he was at Pancook's deposition. Well, how would the defendant be put on notice that by the allegation that she struck Hage's car that she might be sued for striking Ludwig and Klein's cars, which then injured Blackmore? So how would she be on notice of that? Well, because we've taken the depositions by that point, and because each of them had filed contribution claims against the other, making exactly those same claims that it was the other defendant's fault for having pushed these cars into each other. Those contribution claims wherein even Pancook claimed it wasn't her fault, that she was as a result of other collisions, she made those long before the complaint was amended to make the claim by Blackmore. So here we have a new plaintiff with new injuries, but you're saying there was notice, prior notice. Absolutely. The depositions were taken long before the amendment, and the cases were consolidated long before the amendment. Blackmore had filed a claim, a timely claim, in the companion case, and it was consolidated for purpose of discovery with this case. I know it's probably outside the record, but what happened to that case? Blackmore versus Klein. After Blackmore made her claim in this case against Klein and all of the others, that case was dismissed. Dismissed. Okay. What are the injuries? Well, how does Blackmore submit she sustained or he sustained the injuries? She, Joanne, she allegedly ran into the back of another car. The two of them got out of the car, and while they were standing in the snowstorm, Klein's car hit her. And then I believe Cozier was next, and he alleges that he had a real small tap, but that he got hit from behind hard by Pancook, and that those cars then all got shoved into Blackmore, claiming that that is, in fact, what caused her injury and not the fact that Klein hit her in the first place. Right. So the relate back requires, did it arise out of the same transaction or occurrence? Correct. So you could understand somewhat how the defense says, well, this is a different occurrence or a different transaction, because it didn't, it wasn't as a result of the rear-ender. It was a result of her getting out of her car and being hit outside of her car, not being hit inside of the car. But she didn't make a claim against the car that she hit, right? Right. She made a claim against Klein, and the other claims are that these cars pushed Klein into her. And we, in the record, there is a copy of an article from the Illinois Bar Journal that talks about the general law in terms of these multi-car, multiple collision, and it's pretty clear that the law considers this type of an incident, a single incident, unless there is so much time between the collisions. For example, I think there was one of the cases that that article talks about. There was a delay of two or three hours, and the car sat on it, and then someone else ran into it. So what case authority are you relying on specifically, counsel? I don't have the article, but it is one that we cited to the trial court, and the trial court looked at it, but there are a number of cases over the issue of is this a single occurrence or is this multiple occurrences. And if it's one nucleus of conduct, then it's considered a single accident, a single transaction, and that's what we have here. Well, does the test set out by the Supreme Court in Porter v. Decatur Memorial Hospital in 2008 tell us what analysis to use in this type of case? That was a malpractice case. This, of course, is a multiple-car pilot or accident case. But in Porter, the Supreme Court said, we adopt a sufficiently close relationship test, as set forth in Olympia Brewing Company, to determine whether the new allegations of Count 3 of the Second Amendment Pleading grew out of the transaction or occurrence set up in the earlier proceedings, and to determine whether the hospital had adequate notice. Under that test, a new claim, and here we have a new claim, will be considered to have arisen out of the same transaction or occurrence and will relate back if the new allegations, as compared with the timely filed allegations, show three things. That the events alleged were close in time, subject matter, and led to the same injury. What of these factors applies here? I think they all apply here. I think that Porter actually supports the plaintiff's position. Did you cite Porter or discuss it in your briefs counsel other than for boilerplate? We did in the trial court, of course. But not here? Right. Okay, so would you explain which you think apply here? I think they all apply. It's clearly close in time. It's clearly, I believe, the same transaction. And it led to the same injuries. The same injuries? Why could that be? Blackmore made a claim for her injuries within the statute of limitations. Against Hancock? No, against Klein. But it is the same injury that had been previously pled, and had been consolidated into this case. Blackmore was a plaintiff prior to the time this complaint was amended to enter as a plaintiff in this case. But she wasn't a plaintiff against Hancock. She was not as against Hancock. But she was. That's the issue, then. How do we build that bridge between those two? Well, the question is as a result of, A, that case being on file, and, B, that having been. Which case? Blackmore versus Klein. Klein. Klein. And having been consolidated with this case, Hancock knew of and did discovery with regard to Blackmore's injuries. In addition, there were pending claims for contribution by the other defendants, including Klein, for the claims of Blackmore's injuries. Well, did they depose the medical providers that Blackmore used? I mean, isn't there this element of prejudice here where Hancock is going to have to now, years later, go out and try to get this specific information about the treaters, the injuries, the medical providers that were used? Well, yes and no. But for purposes of analysis, no. Because this case never got to the point where any of the medical providers have ever been deposed. We never got that far. Well, there were 213 experts disclosed, however. Sure. And not the ones that related to Blackmore. Actually, both. There were interrogatories propounded to Blackmore, just as there were to Payne. That's correct. And they were responded to. So this isn't an issue where. There's no surprise. There's no surprise. I mean, Blackmore's deposition was taken. Hancock took the deposition of all the drivers. All the lawyers were there. They all took them all at the same time. There was only one set of depositions of all these actors, not two. So you're saying Hancock should have been on notice then that Blackmore was going to sue her for her injuries so that those would have been the focus of the deposition as well? Exactly. So it's a just-in-case in the future, and they would have been asked those questions? Actually, yes. And the record reflects this somewhat. But there was a pretrial conference in this case before Judge Jeffries, before the motion to amend. And what prompted the motion to amend was that everybody was trying to settle this case universally, all the plaintiffs versus all the defendants, Blackmore included. And at that pretrial, Judge Jeffries came out and said, well, Mr. Potter, who isn't a part of the appeal here, isn't going to participate because his client wasn't sued as it relates to Blackmore. And that was the first time anybody had really even thought about that because we were trying to settle the case universally on behalf of all the parties, including Blackmore and including Hancock and including Klein. We were all at the courthouse in the conference with the judge trying to settle the case. And it was then that somebody said, hey, wait a minute. The pleadings aren't such that Potter is going to participate in the settlement of the Hague part of the case. But this is all outside the record, counsel. You're sharing with us now. Yeah, the pretrial is clearly a part of the record. And the colloquy between the court and myself is a part of the record where I told the judge, well, we can fix that, Judge. We'll amend the pleadings as it relates. And then there was the motion to amend. And so, I mean, it's not completely outside of the record. But that is what happened, I mean, as a matter of fact, is that everybody knew that we had two claims, that we had to resolve the two claims. We tried to resolve the two claims and found out there was a pleading issue. And that's precisely what the statute is attempting to allow to be resolved. But nonetheless, by that time, the statute had run, statute of limitations had run, and relating back is an exception to that rule. Except that the case law seems to say, I believe it says, and we said in our brief that it's a remedial statute and it has to be liberally construed. Yeah. Now, these cases were consolidated just for discovery. The record does, in fact, say it's consolidated for purposes of discovery. Right. And that is not the same as a consolidation of multiple cases into one single case, in which case all these are independent claims under one case. Correct? Technically, I think that's probably right. The contribution here that you say that Pancow then would have been aware of, Pancow was only liable then if Blackmore established liability on the part of Klein. Otherwise, Pancow would stand, because Pancow's obligation would have been to Klein for contribution. But Klein's, or Pancow's claim as to Klein. No, it was Klein's claim against Pancow. I'm sorry. Yeah, right? Well, both, actually. Pancow filed against Klein. Klein filed against Pancow. Both of them, if you look at the claims, they both saw contribution for all the damages the other was liable for, which would have included the claim by Blackmore against Klein. Klein was seeking contribution against Pancow for any and all damages that he became liable for. So Klein is saying if I have to pay Blackmore, you have to pay me. Right. But there was no independent claim from Blackmore. I hope I don't get these parties mixed up. Blackmore to Pancow. That's correct. Pancow was only responsible if Klein were found to be liable and responsible, correct? Directly as to Blackmore, but not as to the Klein contribution claim. Right. Okay. So I understood that. No. Okay. Thank you, counsel. Thank you. You have the opportunity for rebuttal. Mr. Melton. Good morning, I'm going to please the Senate Whole Court. Counsel, my name is Ray Melton. I represent the dependant, Trisha Pancook only. I do not represent any. I just wanted to be clear before we announced the case. I don't represent any of the other defendants. I just represent Trisha Pancook. Okay. Counsel, how would you analyze this case under the sufficiently close relationship test in Porter v. Decatur Memorial Hospital that our Supreme Court enunciated? That is, whether the allegations show the events alleged were close in time, subject matter, and led to the same injury. I'm going to start with what I think is my best, best one of those three first, and that would be that the injuries, that it didn't lead to the same injury. I just don't see how a court could conclude that it was the same injury. Ms. Blackmore was outside of her car. She was pushing to a snowbank, and she sustained some type of injury to her ankle or her leg. I think it was soft tissue in nature. Ms. Cossier, Cossier, or Ms. Hage, thank you, was riding as a passenger in Mr. Cossier's car, and she sustained a whiplash injury and injuries to her neck and her back. And that's sort of just branching off on that. That's getting into one of my next arguments, which is that the proof that I would need to defend those two injuries would be much different. It's going to be different treatment providers. They didn't go to the same doctor. It's going to be different medical records. The amount of medical specials is going to be different. But counsel argued that you had notice of that early on in this case, so there would be no prejudice. Okay, and I would disagree with that. And the reason I would disagree with that is because I heard what counsel said, and he's saying that I had notice based on the original pleading that was filed in a case which I wasn't a party to, which is, I think, the 1305 case, which is Blackmore v. Kline. That case had been pending for, I think, eight days before the statute of limitations had expired. And, Your Honor, I think what some of the focus should be here on whether I knew or I didn't know, it should be what I knew or didn't know before the statute of limitations had ran. And that is the Semplowski v. Miller case that's cited in the brief. And what they say in that case is, essentially, whether my clients or my attention would have been directed to the facts forming the claim of Pankow within the prescribed time. And I submit to you that there was only eight days. And I was never certain with that. I don't even know that that existed, to be honest with you. When did you find out? About that case? Yeah, about this case. About 1305? About this case, yes. I don't know. I mean, I can't answer you, like, a specific date and time. How long after you originally came into the case? Well, I can guarantee you that I knew about it at the time of the deposition. And the time of the deposition, I think, was in... 2015, wasn't it? 2015. Let's see. I've got a timeline. All right, well, whatever, 15 or 16, I believe. So Ms. Blackmore's deposition was on 7-24-14. So, I mean, I definitely would have, you know, would have or at least should have known at that time. But I had no idea prior to when the statute had ran, and I had no idea at the time the cases were consolidated by the court. So where is the prejudice? Well, it's been 5 years now. Memories fade. Witnesses' memories fade. I would have to go back, and I would have to depose. Klein, I would have to depose. When you learned about it in 2014, why couldn't you depose then? So where was the prejudice at the time, when you were put on notice? There was no pleading directed against me. And so, and I will tell you, when I walked into that deposition, I did not ask any questions of Ms. Blackmore about her injuries. And the reason I didn't do that is because I wasn't put on notice that I was going to be sued for those allegations for what, you know, and I agree with some of the comments of the court, of what was a second accident. And so, you know, I understand that there was a pleading filed, but I had no notice, when you look at the pleadings within the time prescribed in the statute of limitations, I had no notice as to that my client was going to be sued for the injuries of Ms. Blackmore and what is a second accident. Well, but you were aware that there were a number of cross-claims for contribution in connection with this whole accident, right? Or the number of accidents that occurred around the same time. Isn't that sufficient notice? No, I don't. No, because there's no pleading directed directly against my client. Does a pleading have to be directly to your client? I mean, for you to glean that there is, that something is coming down the pike, without somebody giving you a formal complaint. So when you received the formal complaint, are you telling me that you were surprised and shocked by the allegations in the formal complaint? Yes. You were? Yes. And so I can tell you the reason, I will tell you the reason why. Why? If you look at the deposition testimony, and I'm going to answer that question by referencing the pleadings. If you look at the first complaint, count 2, paragraph 4, it talks about proximate cause and it talks about essentially the co-seer, my client striking the co-seer vehicle and injuring Hagee. It doesn't say anything about Blackmore. But then if you look at the second complaint, not the second complaint, but the amended complaint that was filed in 2016, Hagee Blackmore, it doesn't say anything about me hitting a co-seer's car. It says not me, but that my client about hitting a co-seer's car. It says that my client hit cars that Ludwig and Klein were in. And frankly, in the depositions, I don't recall there being any testimony in any deposition about my client, Trisha Pancrook, directly striking Ludwig and Klein and then the Ludwig and Klein cars causing a chain result of hitting Ms. Blackmore. And actually what Ms. Blackmore has said in her deposition, I'm pretty confident what she has said, is that her recollection was that Mr. Klein's car struck her. She could say nothing about as to what happened later on down in that chain. So to answer your question, I don't think there's any evidence in any deposition or anywhere in the record that would point to, and I'm not saying these allegations are false, but that would support the allegation in the most recent complaint that indicates essentially that my client ran directly into Ludwig and Klein. And even though this doesn't say that, I'm assuming is what this most recent complaint is referring is that my client's impact of Ludwig and Klein for whatever reason caused Klein's vehicle to hit Ms. Blackmore and cause her to go in the ditch. Does that answer your question? Do you want to comment on any proofs, whether the proofs would be the same or different before a jury? These cases were consolidated for discovery purposes. Would the jury be hearing about one accident or two accidents? So you don't want to hear about the proofs on the injuries, you want to hear about the proofs on the accident? Yes. Well, the subject matter. I heard about the injuries. You commented on that. We started out with the Porter case, and so we're talking about closing time and subject matter. Subject matter, I assume, is the accident. It's kind of the answer. When I was answering Justice Shostak's question, it's kind of the same answer. And what I had said about these two pleadings is I would agree with some of the comments that it is two different accidents, it's not one accident. I haven't seen any case law from counsel that says because it's one giant chain accident, it means it's one accident. I would disagree with that. If there are at least two separate accidents here, possibly even more, if you look at the police report, there's 13 cars involved. There were cars that were even stopped, stopped, or there may have been some impacts that had occurred prior to Ms. Panclin getting pushed into the ditch. But I would submit to you that it is different proofs that I have to defend against at trial. And to answer the earlier question about all my questions, I have to go back and kind of put this together backwards and do depositions, essentially, Mr. Klein of, I forget her name, of Mr. Potters-Klein, Mrs. Peniel. I have to go back and put this together backwards after their depositions have already been taken once, long after the statute of limitations is gone. And, you know, as we all know from practicing law, testimony changes, memories change as people get older and as the time from the accident gets farther away. I'm at a disadvantage by having to go back and after they've been deposed once, I don't get to ask them questions fresh out of the box. I have to go back and now ask them questions again because I didn't, because I had no idea that these allegations were coming. Did the injuries that Ms. Pankow is alleging, are they or is she alleging that they are as a direct result of your client hitting her? Blackmore. Blackmore. Blackmore. Can you ask me the question again? Are the injuries she sustained, Blackmore sustained, as a direct result of being hit by your client? I don't know. Is that what she's alleging? Yes, that's what she's alleging. But like I said before, based on the deposition testimony, I can't tell that. I mean, again, she said in her, Ms. Blackmore said in her deposition, the only thing she said is that Mr. Klein's vehicle hit her into the ditch. She didn't know how Mr. Klein's vehicle got hit. And so there was no testimony that I can recall anywhere, and I challenged counsel to point it out where in any of these depositions where my client directly rammed into either the Ludwig or the Klein vehicle, causing it to launch into her vehicle. I mean, it was a snowy, and frankly, Judge, I'm not trying to blame it on the weather, but it was a snowy day. I think the visibility, I think there was testimony that there was basically no visibility. So I think it would have been difficult for any of these witnesses to the accident to really see what was even going on before or behind them. And I think that's what makes this so hard is I don't think, to be honest with you, based on the deposition testimony, I don't know if these witnesses honestly could tell who hit who other than maybe the car that they directly impacted with. And so that's why it's difficult to put this all, put this all, to put this chain all in order to say who hit who. And that, as a lawyer, and from a cleaning standpoint, as knowing when I'm going to get sued, that makes it difficult for me because there isn't direct testimony that essentially says, Ms. Blackmore went into the ditch because Hancock hit Klein and Ludwig, and that's what caused this. Frankly, there is no notice of that. Well, the allegation in the amended complaint is that the car, paragraph 4, the car in which Plaintiff was riding, which is Blackmore. I'm sorry. I don't believe that's right. Yes, it is. No, this is Higgs. I'm sorry. I'm reading the wrong one. I apologize. It is Count 6 after, let's see. C624. Yeah, okay. That as a direct and proximate result of one or more of the aforesaid, this defendant's car, which would have been Hancock's car, collided with defendants Ludwig and Klein, which had already collided and struck Plaintiff. And that as a direct proximate result of the collisions aforesaid, the plaintiff suffered great pain and mental anguish, et cetera. Correct. Then you have a subsequent complaint, correct? I'm sorry. Then there's a subsequent? Well, I think what she was reading from the most recent one. That was the most recent one before. That was. Well, okay. Courts have allowed a new plaintiff, as we know, to be added through the relation back doctrine. Are you arguing that the new identity itself prevents an allegation that this related back here? Or you've talked about other factors being important. But how does the new identity relate to this? I mean, new plaintiffs are allowed to be added. And what I would say to that, Judge, is what I was going to say early on before you asked your question, is that what counsel is doing, and I think what the intent of the relation back doctrine is not, is to circumvent the statute of limitations. And essentially what happened here is that 13L5 case was filed, which was Blackmore versus Klein. Blackmore was already a plaintiff. I challenged counsel to submit a reason to this court as to why he simply just didn't add my client to that case. And then this inquiry would end. We wouldn't be here. Well, I mean, that wasn't done, obviously. Yeah, I understand that. But what I'm saying to the court is that he could have done that within the statute of limitations. He already had a lawsuit. If he's saying this is all one accident, then he should have added everybody that was a part of that accident. But he didn't do that. He just, for whatever reason, added Blackmore versus Klein. And now, I mean, if you want to call him a mistake because of that error, he's trying to circumvent the statute of limitations. He's trying to hitch his wagon. Is that in the words of the court? I was going to say that, but I ran out of time. Is what he is saying, what Mr. Heller is saying, is the reason that he amended this complaint is they're in the middle of settling this case and they realize that they have to amend the complaint. I don't agree with that. A, as I think Justice Zinoff pointed out, those are facts that are not in the record. In the record, there is discussion of pre-trial. Obviously, there was a pre-trial, but I don't know what. Obviously, I wasn't part of that conversation. But I would disagree that it's the same accident and he had an opportunity to do it for years. I mean, it's five years now since the accident. Thank you. Okay. Thank you very much. Thank you for your time. I would ask that you affirm the ruling of the circuit court granting the motion to reconsider. Thank you. Mr. Howarth? Thank you. I will be brief. Three points in particular. Mr. Melton said that he didn't inquire about Joanne Blackmore's injury at the deposition, but Mr. Klein's lawyer did, and Mr. Melton was at the deposition. There's no real reason why he would have to re-ask the same questions that Klein did. But isn't everyone entitled to make an inquiry? Sure. And he could. Why would he have done that at the time? Because Mr. Klein's lawyer adequately covered the ---- No, why would he then have ---- Well, that's all well and good, but Mr. Klein's lawyer is suing my client only if he ---- if Klein loses in the Klein versus Blackmore. A Blackmore lawyer is there to fully flesh out whatever injury this Blackmore ---- Well, Blackmore attorney is probably there to protect his client. No, Klein's lawyer is there to delve into Blackmore's injury. Every would-be defendant is entitled to depose on the issues for which they must defend. I don't disagree with that. I'm suggesting that he would simply be asking the same questions that Klein's lawyer ---- Perhaps. Perhaps not. Right. And Justice Zinoff's question with regard to the Porter test and counsel's suggestion that somehow the injuries would be different and therefore you can't have the relation back would mean that the statute makes no sense. Because if you have a new plaintiff, their claim is going to be different, and the statute clearly contemplates adding a new plaintiff who would have new injuries. If it relates to the same act, correct? That's correct. Right. So, I mean, that's the key. That's really the nexus is, is this all one big transaction? And because if you add a new plaintiff, their claim is going to be different. Otherwise, they'd be the same person. So anytime you have a new plaintiff adding a claim, there is going to be some difference in proof, just because the identity of the party is different. And yet the statute contemplates that that be allowed. At the time of the deposition, when Klein's lawyer was questioning regarding the injuries, Klein's lawyer was questioning in a different manner than when Pankow came into the case and alleged a different chain reaction. I don't know if I'm making this, making sense. You shouldn't let the pleadings, what the proofs will be, dictate what the results are at the pleading stage. Because as counsel pointed out, he may be surprised. Quite frankly, if you read all the depositions, anybody would be surprised because these people don't tell the same story about what happened. They don't have the same order of the cards. They don't have the same people striking. That doesn't mean that the plaintiff can't try and prove her case. But each of the parties were questioned about their recollection. Who hit who? Where did the cards end up? And based upon a compilation of those, we're going to have to try and sort out as best we can which of the stories fit together best to show what happened. Well, how does adding Ms. Blackmore into this case affect Ms. Hagee's position? I mean, wouldn't it mean that Hagee would have to lose in order for Blackmore to win in this case? No. No, no. Why not? Well, because Ms. Hagee was a passenger in Kosir's car. Right. And she may have been negligent in striking the car in front of him. And certainly she wouldn't have had any contributory negligence. She was just injured. Passenger. Either by her driver or by the driver behind. So she could win. By the same token, Klein could have hit Blackmore and not been hit by Kosir. And she could win as it relates to Klein. Or Klein could have stopped and Kosir could have hit her and pushed her in. And so Blackmore could win and Hage could win. So, no, the permutations or combinations of what did happen or could have happened are almost infinite. How does Gankel fit into that scenario? Well, she's one of the cars that's in the collision scene. One person said she's behind Kosir and pushes him in. One said she's in front but behind Klein and hit him. So she was clearly involved in the mass of vehicles that ultimately impacted both plaintiffs. And, you know, what her percentage of negligence and her contribution claimed and how that all shakes out ultimately is for the jury. But it doesn't really impact on the question whether that claim relates back. What was the third point you wanted to make? Just that, that the fact that these witnesses tell different stories doesn't dictate whether the statute applies in this case. Thank you, Your Honor. Okay. Thank you very much, counsel, for your arguments this morning. The Court will take the matter under advisement and render a decision in due course. We stand in brief recess until the next case. Thank you.